IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIRECTV, INC., | NO. C 04-03400 JW |
| Plaintiff(s), | **ORDER GRANTING DEFAULT JUDGMENT** |
| v. | |
| MATTHEW JOSEPH, | |
| Defendant(s). | |

## I. INTRODUCTION

Presently before the Court is Plaintiff DIRECTV, Inc.'s ("Plaintiff") motion for default judgment against Defendant Matthew Joseph ("Defendant") pursuant to Rule 55, FED. R. CIV. P. Defendant has neither appeared in this action nor submitted an opposition to Plaintiff's motion. On Monday, May 23, 2005, this Court held a hearing regarding Plaintiff's motion. Based upon all papers filed to date, the Court finds that Plaintiff is entitled to default judgment against Defendant.

## II. BACKGROUND

On December 24, 2002, Plaintiff filed a Complaint for Compensatory, Statutory and Other Damages, and Injunctive Relief against Defendant and four other defendants in <u>DIRECTV, Inc. v. Lawrence Bittner, et al.</u>, C 02-05912 JW. Default was entered against Defendant on March 20, 2003. Default judgment was granted against Defendant on July 23, 2003 for $10,000.00. On July 26, 2004, the default judgment against Defendant was vacated pursuant to this Court's Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed to Establish *Prima Facia* Case Under Statutory Claims.

Pursuant to this Court's July 26, 2004 Order, Plaintiff refiled a complaint against Defendant on August 19, 2004 for Unauthorized Reception of Satellite Signals in Violation of 47 U.S.C. § 605(a); Unauthorized Interception of Electronic Communications in Violation of 18 U.S.C. § 2520(a); Willful Assembly or Modification of Devices or Equipment in Violation of 47 U.S.C. § 605(e)(4); and violations of California common law.  Plaintiff alleges that Defendant purchased and used a Pirate Access Device, consisting of a printed circuit board device called an "Unlooper," which is designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.  Defendant failed to answer the complaint or otherwise defend the action.  On December 16, 2004, the Clerk of this Court entered default as to Defendant Matthew Joseph.  On April 12, 2005, Plaintiff filed this Motion for Default Judgment.

### III. STANDARDS

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)).  In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

**A. Statutory Damages**

Plaintiff's motion requests statutory damages against Defendant in the amount of $10,000 for violations of 18 U.S.C. § 2520(a) and 47 U.S.C. § 605(e)(4).  Previously, in the context of another case brought by Plaintiff, this Court concluded that DIRECTV's services are covered by both the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the Federal Communications Act of 1934, 47 U.S.C. § 605, et seq. See DIRECTV v. Tom Thai, C 04-03471 JW, April 7, 2005

Order Granting Default Judgment at 5:10-11. However, because the damage to DIRECTV is caused by the same underlying conduct, the Court finds it appropriate for Plaintiff to elect which of the two statutes it is seeking relief under.

During oral argument, Plaintiff elected to pursue damages exclusively under 18 U.S.C. § 2520(a) which allows recovery in a civil action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" in violation of the Electronic Communications Privacy Act. The Complaint alleges that Defendant used Pirate Access Devices to decrypt and view Plaintiff's satellite television transmissions, Defendant disclosed or intentionally used, intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, Plaintiff's satellite transmission of television programming, in violation of 18 U.S.C. § 2520(a). Construing these allegations as true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that Defendant is liable to Plaintiff for relief under 18 U.S.C. § 2520(a). Therefore, the court awards Plaintiff statutory damages in the amount of $10,000 for Defendant's violations of 18 U.S.C. § 2520(a).

**B. Attorneys' Fees**

Plaintiff seeks an award of the attorneys' fees incurred in prosecuting this action against Defendant in the amount of $2830.00. Pursuant to 18 U.S.C. § 2520(b)(3), Plaintiff is entitled to recover a reasonable attorney's fee and other litigation costs reasonably incurred. The Court has reviewed Plaintiff's attorneys' fees in this action and finds both the hours spent and the rate of compensation to be reasonable. Therefore, the court will award Plaintiff its full amount of attorneys' fees associated with this action.

//
//
//
//
//

3

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is GRANTED.  Plaintiff is awarded damages against Defendant in the amount of $10,000 in statutory damages and $2830.00 in attorneys' fees for a total of $12,830.00.  Further, Plaintiff is entitled to costs pursuant to Rule 54, FED. R. CIV. P. and is directed to file a Bill of costs in compliance with the Local Rules of this Court.

Dated: May 24, 2005            /s/ James Ware
04cv3400dj                     JAMES WARE
                               United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan J. Kessel Akessel@buchalter.com
Kimberly Rene Colombo kkatz@buchalter.com
Suzanne M. Burke sburke@buchalter.com

| | |
|---|---|
| **Dated: May 24, 2005** | **Richard W. Wieking, Clerk** |
| | **By:/jwchambers/** |
| |     **Ronald L. Davis** |
| |     **Courtroom Deputy** |